IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A. SERGER,

    Petitioner,

vs.

NAPA STATE HOSPITAL and ED FOULK,

    Respondents.
                                 /

No. C 08-5312 PJH (PR)

**ORDER OF DISMISSAL**

       This is a habeas case filed pro se by a petitioner who is confined at Napa State Hospital, apparently for restoration of competency. The case was transferred here by the United States District Court for the Eastern District of California. The petition is on a California form for habeas petitions and is headed "Superior Court of Napa County." The certificate of service shows that it was mailed to three courts, the California Superior Court for Napa County, the United States District Court for the Eastern District of California, and the California Superior Court for Sutter County. He says on page two of the petition that the Sutter County Superior Court was the committing court.

       Petitioner's claims involve medical and dental care at the hospital. They thus do not involve the fact or duration of his confinement, so are not the proper subject of a habeas action. *See Moran v. Sondalle*, 218 F.3d 647, 650-52 (7th Cir. 2000); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

In an appropriate case a habeas petition may be construed as a Section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the court *may* construe a habeas petition as a civil rights action, it is not *required* to do so.

Since the time when the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, but for civil rights cases the fee is now $350. And if petitioner has been accused of a crime and committed to the hospital for restoration of competency, he probably would be a "prisoner" within the meaning of the Prisoner Litigation Reform Act and thus required to pay the filing fee, even if granted in forma pauperis status, by way of deductions from income to his trust account. *See* 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for petitioner if the court were to construe the petition as a civil rights complaint, the case will be dismissed without prejudice to petitioner filing a civil rights action if he wishes to do so in light of the above. In view of the dismissal, petitioner may disregard the clerk's notice regarding his failure to pay the filing fee and the absence of an in forma pauperis application.

**IT IS SO ORDERED.**

Dated: December 3, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\SERGER5312.DSM.wpd

2